## BUTTE ENVIRONMENTAL COUNCIL, Plaintiff,

v.

**Wayne WHITE, Supervisor, Sacramento Field Office, Jamie Rappaport Clark, Director, U.S. Fish and Wildlife Service, Bruce Babbitt, Secretary of the Interior, Defendants.**

### No. CIV S–00–0797 WBS GGH.

United States District Court,
E.D. California.

Feb. 9, 2001.

Lawrence David Sanders, Riverlaw, Nevada City, CA, for plaintiff.

Charles R. Shockey, United States Attorney, Sacramento, CA, Lyn Jacobs, Seth

Barsky, United States Department of Justice, Environment and Natural Resources, Washington, DC, for defendants.

### MEMORANDUM AND ORDER

SHUBB, Chief Judge.

Plaintiff Butte Environmental Council ("BEC") brought this suit to compel defendants to designate a critical habitat for four species of fairy shrimp under the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a)(3). Plaintiff moves for summary judgment under Federal Rule of Civil Procedure 56 and an order compelling final designation of critical habitat for the four fairy shrimp species within six months.

### I. Factual and Procedural Background

In September of 1994, the Fish and Wildlife Service ("the Service") listed four species of fairy shrimp as endangered or threatened under the ESA. *See* 59 Fed. Reg. 48136. The Service then determined that concurrent designation of a critical habitat for the fairy shrimp was "not prudent" because "such designation likely would increase the degree of threat from vandalism or other human activities." 59 Fed.Reg. at 48151.

On March 31, 1999, the United States District Court for the District of Columbia ruled that the Service's decision not to designate a critical habitat was "arbitrary and capricious" under section 706(2) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and the court remanded the designation to the Service for further action consistent with its order.[1]

However, when the plaintiff in that case later amended its complaint to drop the claim relating to the designation of a critical habitat, the district court vacated its March 31st order and judgment. As a result, the Service is no longer subject to any court order regarding the designation of a critical habitat for the fairy shrimp.[2]

Plaintiff intervened as a defendant in that case and attempted to assert a cross-claim against the Service to compel designation of a critical habitat. The district court denied the motion and suggested that plaintiff file its own suit to compel the Service to designate a critical habitat.

Plaintiff accordingly filed suit in this court on April 12, 2000, alleging: (1) defendants have violated the Endangered Species Act by failing to perform a nondiscretionary duty, and (2) defendants have violated the Administrative Procedure Act by unlawfully withholding or unreasonably delaying agency action. (Compl. at 7:23, 8:26). In an order filed September 28, 2000, this court denied plaintiff's first motion for summary judgment without prejudice on the ground that plaintiff provided the court with no record from which to review defendants' "not prudent" finding for an abuse of discretion. Plaintiff moves again for summary judgment.

In their opposition, defendants acknowledge that since the Service made its "not prudent" determination in 1994, "judicial decisions ... have convinced the Service that its 1994 determination should be reconsidered in light of currently applicable legal standards in the Ninth Circuit as well as currently available biological data." (Opp'n at 1:26–2:4). Accordingly, defendants filed a "Notice of Voluntary Remand" on November 29, 2000, stating that

---

1. *Building Indus. Ass'n of Superior California v. Bruce Babbitt,* No. 95–0726 (D.D.C. Mar. 31, 1999).

2. On September 29, 2000, the Court of Appeals for the District of Columbia requested

briefing on the issue of whether the district court abused its discretion in vacating its earlier decision to set aside the Service's "not prudent" finding.

the Service "will be reevaluating its determinations regarding critical habitat for the four species of fairy shrimp."

In the Notice of Voluntary Remand, defendants did not set aside the Service's 1994 "not prudent" finding, nor did the Service concede that it has a present duty to *designate* critical habitat for the four fairy shrimp species. As a result, in an order filed January 31, 2001, the court requested further briefing from the parties as to whether the court should set aside the 1994 "not prudent" finding pursuant to 5 U.S.C. § 706(2).

In their response to the court's order, defendants did not argue that the 1994 "not prudent" finding should be upheld. Rather, defendants again acknowledged that the "not prudent" finding was "legally vulnerable" in light of current case law. Although defendants take the position that consideration of the merits of the "not prudent" finding is not appropriate because the court is still without the full Administrative Record for judicial review, defendants acknowledge that setting aside the 1994 decision "is consistent with the intent and purpose of [the Voluntary Notice of Remand]."

Thus, the parties agree that the underlying issue on this motion is the timing of the Service's designation of critical habitat for the four species of fairy shrimp in the California Central Valley. Defendants' currently scheduled date for completion of habitat designation is November of 2003.

Plaintiff's argue that this date, which is over nine years after the Service listed the four species as endangered, violates Congress' express mandate for concurrent designation of critical habitat under the ESA.

## II. *Discussion*

### A. *Applicable Law*

#### 1. *The Endangered Species Act*

The Endangered Species Act governs the listing of endangered species and the designation of critical habitat for the conservation of endangered species. *See* 16 U.S.C. §§ 1533(a)(2), 1533(a)(3)(A). The mandates of the ESA are achieved through the promulgation of regulations by the Secretary of the Interior ("the Secretary"). Once the Secretary determines that a species is endangered or threatened, the ESA provides that the Secretary shall, "to the maximum extent prudent and determinable ... concurrently ... designate any habitat of such species which is then considered to be a critical habitat ...." 16 U.S.C. § 1533(a)(3)(A).[3]

The final regulation designating critical habitat must be published currently with the final regulation listing the species as endangered. 16 U.S.C. § 1533(b)(6)(C). If critical habitat is not determinable at the time the species is listed, the Secretary may extend, by an additional year, the ordinary one-year limitation under the ESA for publication of a final regulation designating critical habitat.[4] 16 U.S.C.

---

3. Under the Act, the Secretary may revise the designation "from-time-to-time" and "exclude area from critical habitat if he determines that the benefits of such exclusion outweigh the benefits of specifying such area as part of the critical habitat[.]" 16 U.S.C. § 1533(b)(2). However, the Secretary does not have discretion to exclude an area if "the failure to designate such area as critical habitat will result in the extinction of the species concerned." *Id.*

4. The Act imposes a one-year limitation by directing the Secretary to publish the proposed regulation in the Federal Register "not less that 90 days before the effective date of the regulation[.]" 16 U.S.C. § 1533(b)(5)(A). Once the proposal is published, the Secretary must publish a final regulation implementing the critical habitat designation within one year. 16 U.S.C. § 1533(b)(6)(A). If critical habitat is not then determinable, the Secretary "may extend the one-year period ... not

§ 1533(b)(6)(C)(ii). However, the ESA requires the Secretary to publish a final regulation designating critical habitat, "based on such data as may be available at that time," by the close of the second year. *Id.* In sum, the ESA places a two-year limitation on the final designation of a critical habitat.

The Code of Federal Regulations defines the exceptions for designating critical habitat. *See* 50 C.F.R. § 424.12. According to the regulations, critical habitat is "not prudent" if (1) the species is threatened by human activity and the identification of critical habitat could increase the threat, or (2) the designation of critical habitat would not be beneficial to the species. *See* 50 C.F.R. § 424.12(a)(1). The regulations also provide that critical habitat is not determinable when (1) information necessary to perform the required analysis for designation is lacking, or (2) "the biological needs of the species are not sufficiently well known to permit identification of an area as critical habitat." 50 C.F.R. § 424.12(a)(2).

### 2. *The Administrative Procedure Act*

The Administrative Procedure Act ("APA") provides the standard of review for actions taken pursuant to the ESA. *See* 5 U.S.C. § 706; *Idaho Farm Bureau v. Babbitt,* 58 F.3d 1392, 1401 (9th Cir.1995); *Village of False Pass v. Clark,* 733 F.2d 605, 609 (9th Cir.1984) ("Because the ESA contains no internal standard of review, section 706 of the [APA] governs review of the Secretary's actions."). Section 706 of the APA directs the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In addition, the reviewing court shall set aside agency action that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

### B. *Motion for Summary Judgment*

The court must grant summary judgment to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Simply put, "a summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). The non-moving party must show more than a mere "metaphysical doubt" as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Plaintiff argues that defendants are violating a mandatory duty under the ESA to designate critical habitat because the four species have been listed as endangered since 1994, and the ESA requires concurrent designation of critical habitat, "to the maximum extent prudent and determinable," when a species is listed as endangered. *See* 16 U.S.C. § 1533(a)(3)(A).

Although the Service initially determined that concurrent designation of critical habitat for the fairy shrimp was "not prudent" because "such designation likely would increase the degree of threat from

more than one additional year." 16 U.S.C. § 1533(b)(6)(C).

vandalism or other human activities," the Service is reconsidering that determination under voluntary remand. 59 Fed.Reg. at 48151. In a brief filed February 2, 2001, the Service states that "setting aside the not prudent determination ... is consistent with the intent and purpose of that [voluntary] remand." In the absence of opposition from the Service, the court will accordingly set aside the 1994 "not prudent" finding because it is "not in accordance with the law," pursuant to 5 U.S.C. § 706(2).

### C. *Request for Injunctive Relief*

 Plaintiff seeks an order compelling defendants to designate critical habitat within six months. "In cases involving the ESA, Congress removed from the courts their traditional equitable discretion in injunction proceedings of balancing the parties' competing interests." *National Wildlife Federation v. Burlington Northern,* 23 F.3d 1508, 1511 (9th Cir.1994). The APA provides that "a reviewing court shall ... compel agency action unlawfully withheld." 5 U.S.C. § 706(1). When an agency governed by the APA fails to meet a statutorily imposed deadline, "it has unlawfully withheld agency action and courts, upon proper application, must compel the agency to act." *Forest Guardians v. Babbitt,* 174 F.3d 1178, 1190 (10th Cir.1999) (holding that "the Secretary violated his nondiscretionary duty by failing to designate critical habitat" after all the permissible delays and extensions).

As discussed above, defendants have failed to comply with the provisions of the ESA mandating concurrent designation of critical habitat when a species is listed as endangered, or requiring designation within two years if critical habitat is not determinable at the time of listing. Defendants have already extended designation four years beyond the ESA's two-year time limit. Moreover, defendants' proposed date of November 2003 for final designation would result in a delay of nine years from the date the species were listed as endangered.

In *Jumping Frog Research Institute v. Babbitt,* 1999 WL 1244149 (N.D.Cal.1999), the court rejected the defendants' request for voluntary remand, emphasizing that three years had passed since the Service listed the red-legged frog as an endangered species. The court further noted that the ESA authorizes the Service to revise a critical habitat designation at any time. *See* 16 U.S.C. § 1533(a)(3)(B). As a result, the court remanded the Service's "not prudent" finding for consideration under a mandatory deadline.

Here, more than six years have passed since the Service listed the four fairy shrimp as an endangered species. Accordingly, defendants have unlawfully withheld agency action under the APA, and the court's imposition of a deadline for critical habitat designation is appropriate.

 Plaintiff's request for critical habitat designation within six months, or by August 1, 2001, is reasonable. In imposing a deadline for compliance, the court should consider "what work is necessary to publish the final rule and how quickly that can be accomplished." *Forest Guardians,* 174 F.3d at 1193. Under the implementing regulations of the ESA, the Service must consider specific criteria and publish a proposed rule, allowing sixty days for public comment. *See* 50 C.F.R. §§ 424.12; 424.16(b); 424.16(c)(2). After publication of the proposed rule, the Service must prepare an economic analysis of the impact of critical habitat designation before publishing the final rule. *See* 50 C.F.R. § 424.19.

Other courts have imposed deadlines similar to the one proposed by plaintiff. In *Center for Biological Diversity v. Babbitt,* No. C–99–3202, slip op. at 19 (N.D.Cal.2000), the court ordered final

designation within 120 days, and a proposal for designation within 60 days from the date of the court's order. *See id.,* slip op. at 13 ("[T]he solution of being over-obligated and under-funded rests with Congress, and not with the Court."); *see also Forest Guardians,* 174 F.3d at 1193 (recognizing that numerous district courts have ordered compliance within 120 days).

Defendants argue that additional time is needed because the Service is considering an "ecosystem approach" to critical habitat designation that will provide comprehensive protection for 23 species of fairy shrimp, including the four species at issue here. According to the Service, this ecosystem approach "will more fully protect species in their habitat than the species-by-species approach that has been taken in the past." (Opp'n at 6:16–17).

 However, discretionary procedures performed by the Service cannot justify deviation from the statutory mandate for concurrent designation of critical habitat. *See Conservation Council for Hawaii v. Babbitt,* 24 F.Supp.2d at 1077–78 (D.Haw. 1998). ("[A]n additional, non-statutory stage in the process should not be used as justification for contravening the express deadlines provided in the statute . . . ."); *cf. Natural Resources Defense v. U.S. Dept. of Interior,* 113 F.3d 1121, 1127 (9th Cir.1997) ("Neither the Act nor the implementing regulations sanctions nondesignation of habitat when designation would be merely less beneficial to the species than another type of protection."). Further, the mandatory language of the ESA does not support defendants' suggestion that the ESA allows the Secretary to comply with statutory duties at his or her convenience, or that a heavy workload of the agency may excuse compliance. *See* 16 U.S.C. § 1533(b)(6)(C) ("A final regulation designating critical habitat of an endangered species . . . shall be published concurrently with the final regula-

tion implementing the determination that such species is endangered[.]"). The court will thus order defendants' compliance in accordance with the deadline proposed by plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for summary judgment be, and the same hereby is, GRANTED;

2. Defendants' 1994 finding that critical habitat designation is "not prudent" is hereby SET ASIDE; and

3. Defendants shall, to the maximum extent prudent and determinable, designate critical habitat for the Conservancy fairy shrimp, longhorn fairy shrimp, vernal pool fairy shrimp, and the vernal pool tadpole shrimp, and publish such final designation within six months from the date of this order.